UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| GARRISON HARDISTY, | Case No. 3:15-cv-00265-LRH-WGC |
|---|---|
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court are a Motion for Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (EAJA) (ECF Nos. 24, 24-1 to 24-6), and a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) (ECF Nos. 27, 28). The Commissioner filed an opposition to the motion for fees under the EAJA (ECF No. 25), and a statement of non-opposition in response to the motion for fees under 42 U.S.C. § 406(b)(1) (ECF No. 29). A reply in support of the motion for fees under the EAJA was filed. (ECF No. 26.)

## I. BACKGROUND

On May 19, 2015, Plaintiff, who was represented by counsel, paid the $400 filing fee and filed his complaint for review of the decision of the Commissioner finding him not disabled under 42 U.S.C. § 405(g). (ECF No. 1.) Plaintiff then filed a motion for judgment on the pleadings which sought reversal of the Commissioner's decision and remand for the award of benefits. (ECF No. 13) The Commissioner opposed the motion, and filed a cross-motion to affirm the decision. (ECF No. 17). On June 22, 2016, the undersigned recommended that Plaintiff's motion be granted; that the Commissioner's cross-motion be denied; and that the

matter be remanded for the payment of benefits. (ECF No. 19.) Specifically, the undersigned first found that the Administrative Law Judge (ALJ) erred in assigning little weight to the opinions of Plaintiff's treating psychologist, Allison C. Hanauer, Ph.D., as the reasons for doing so were not supported by substantial evidence in the record. Second, the court concluded that the ALJ erred in not citing clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff less than credible. Finally, the court determined that the ALJ erred in limiting the hypothetical posed to the vocational expert to simple, routine work tasks, without mentioning a moderate limitation in concentration, persistence or pace.

The Commissioner filed an objection to the report and recommendation (ECF No. 20), and Plaintiff filed a response (ECF No. 21). District Judge Larry R. Hicks adopted and accepted the report and recommendation and remanded the matter to the ALJ for calculation and award of benefits. (ECF No. 22.) Judgment was entered on September 13, 2016. (ECF No. 23.)

On December 9, 2016, Plaintiff filed a motion for attorneys' fees under the EAJA. (ECF No. 24, 24-1 to 24-6.) The Commissioner opposes the request for fees under the EAJA, arguing that the government was substantially justified in defending the action, and further asserts that Plaintiff has requested an unreasonable fee. (ECF No. 25.)

On March 3, 2017, Plaintiff filed a motion for fees pursuant to 42 U.S.C. § 406(b)(1). (ECF Nos. 27, 28.) The Commissioner does not oppose the request for fees under section 406(b).

## II. DISCUSSION

### A. EAJA

Under the EAJA:
> [A] court shall award to a prevailing party other than the United States fees and other expenses ..., incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see also Pierce v. Underwood*, 487 U.S. 552, 566 n. 2 (1988); *Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010). "[F]ees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). Under the EAJA, attorney's fees are set at the market rate, but capped at $125 per hour "unless the court determines that an increase in

- 2 -

the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit has set the applicable statutory maximum hourly rate under the EAJA, adjusted for increases in the cost of living as $190.28 in 2015 and $192.68 in 2016.
*See* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039, last visited April 25, 2017. The Commissioner did not assert an objection to utilizing these rates.

Plaintiff's counsel erroneously states that the Ninth Circuit rate in 2016 was $191.70, when the Ninth Circuit lists the rate as $192.68 in 2016. Thus, the amount requested should be adjusted as follows: 32 hours were spent in 2015, at a rate of $190.28, for a total of $6,088.96. (*See* ECF No. 24-5.) 7.2 hours were spent in 2016, at a rate of $192.68, for a total of $1,387.30. (*See* ECF No. 24-5.) Thus, the total requested should be $7,476.26, instead of $7,469.20. Plaintiff's counsel also seeks to recover the $400 filing fee. (*See* ECF No. 24-5.)

The substantial justification test under the EAJA is one of reasonableness, *i.e.*, whether the government's position had a reasonable basis in law and fact. *Pierce*, 487 U.S. at 564-66. This means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565; *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005) (citation and quotation marks omitted). The "position of the United States" includes both the government's litigation position and the underlying agency action giving rise to the civil action. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (citing *Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010)). In the Social Security context, courts have treated the ALJ's decision as the underlying agency action. *Meier*, 727 F.3d at 870-71 (9th Cir. 2013).

The Ninth Circuit has held that there is "significant similarity" between the "substantial evidence" standard of review applied to Social Security cases and "substantial justification" standard, such that "'holding that the agency's decision ... was unsupported by substantial evidence is ... a strong indication that the position of the United States ... was not substantially justified." *Id.* 872 (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)). "[I]t will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative

evidence in the record." *Thangaraja*, 428 F.3d at 874 (citation and quotation marks omitted). If the ALJ's underlying decision is not substantially justified, the court need not address whether the government's litigation position was justified. *Meier*, 727 F.3d at 872-73.

Here, the court found that the ALJ's findings with respect to Dr. Hanauer's opinions, and Plaintiff's credibility were not based on substantial evidence in the record. The court cannot now conclude that the Commissioner's position had a reasonable basis in law and fact when the ALJ ignored most of the significant findings with respect to Plaintiff's mental health, gave undue weight to a high GAF score when Plaintiff had routinely scored lower than that, and incorrectly found that Dr. Hanauer did not give a function-by-function assessment.

Similarly, the court cannot conclude that the Commissioner's position regarding Plaintiff's credibility had a reasonable basis in law and fact when the ALJ's conclusion that Plaintiff's daily activities were inconsistent with his allegations of disability was unsupported by substantial evidence in the record. The ALJ's reliance on the objective medical evidence in supporting an adverse credibility finding was flawed and unsupported by the record as the ALJ incorrectly honed in on occasional periods of improvement while ignoring the overall picture of Plaintiff's mental health.

Finally, the ALJ concluded Plaintiff had no more than moderate difficulties with concentration, persistence or pace, and limited Plaintiff to understanding, remembering and carrying out no more than simple routine work tasks with no more than brief/superficial contact with the public, co-workers and supervisors. When the ALJ elicited testimony from the vocational expert, she presented a hypothetical which limited the person to simple and routine work, and that which did not involve more than brief and superficial contact with the public, supervisors and co-workers. The hypothetical did not include, however, a limitation of moderate difficulty in concentration, persistence or pace. While the court discussed an unpublished Ninth Circuit case in its analysis of whether the ALJ erred in this regard, the ultimate conclusion that the ALJ erred is gleaned from a published Ninth Circuit case, *Stubbs-Danielson,* 539 F.3d 1169, 1173 (9th Cir. 2008). The circumstances presented here were readily distinguishable from those in *Stubbs-Danielson*; therefore, it cannot be said that the Commissioner's position on this issue

had a reasonable basis in law.

In sum, the court finds that the Commissioner's position was not substantially justified, and an award under the EAJA is warranted.

Next, the court will address the amount of fees requested. The Commissioner acknowledges that the number of hours spent in total (39.2) does not appear unreasonable, but nevertheless raises two arguments regarding reasonableness of the fees requested. First, the Commissioner contends that the 1.8 hours spent by Charles E. Binder to review a brief written by Eddy Pierre are redundant and not compensable under the EAJA. Second, the Commissioner argues that the 27.1 hours Mr. Pierre spent on the motion to remand are excessive, and asks that the amount spent be given a "10% haircut."

Mr. Binder is a named partner in the firm. The court does not find it unreasonable, duplicative or excessive for Mr. Binder to have spent 1.8 hours reviewing a lengthy and thorough brief written by Mr. Pierre. Nor does the court find persuasive the Commissioner's argument that the 27.1 hours spent by Mr. Pierre on the motion to remand were excessive when the Commissioner fails to point out any particular billing entry and explain why it was purportedly excessive. The court has reviewed Mr. Pierre's billing entries, and does not find a particular instance where the work described appears excessive.

Therefore, the motion should be granted, and fees should be awarded under the EAJA in the amount of $7,476.26. Under the EAJA, a judgment for costs, as set forth in 28 U.S.C. § 1920, "may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412(a)(1). There is no question the cost of the $400 filing fee was reasonably incurred and that cost is recoverable under 28 U.S.C. § 1920(5); therefore, the cost should be awarded as well

Thus, the total amount of fees and costs awarded under the EAJA should be $7,876.26.

///

///

///

**B. § 406(b)(1)**

The court may award fees under 42 U.S.C. § 406(b)(1) when it "renders a judgment favorable to a claimant ... who was represented before the court by an attorney ... not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" "[A]n award under § 406(b) compensates an attorney for all the attorney's work before a federal court on behalf of the Social Security claimant in connection with the action that resulted in past-due benefits." *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215-20 (9th Cir. 2012). The claimant has the burden of producing "satisfactory evidence" in addition to his or her attorney's own affidavits, that the requested rates comport with "'those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *See Widrig v. Apfel*, 140 F.3d 1207, 1209-10 (9th Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). Unlike a "fee-shifting" statute, which requires the losing party to pay the prevailing party's attorney's fees, § 406(b)(1) deals with the amount a prevailing party must pay his attorney. *See Widrig*, 140 F.3d at 1210-11. "The fee is payable 'out of, and not in addition to, the amount of [the] past-due benefits.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quoting 42 U.S.C. § 406(b)(1)(A)).

In conducting the fee analysis, the court should begin with the contingent fee agreement, and then test it for reasonableness. *Gisbrecht*, 535 U.S. at 808. *Gisbrecht* rejected the approach taken by many circuits, including the Ninth Circuit, that used the Lodestar method to determine the reasonableness of the fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009).

Therefore, the court must first determine whether the contingency fee agreement is within the statutory twenty-five percent cap, and then must look at reasonableness of the fee. *Gisbrecht*, 535 U.S. at 800, 808; *Crawford*, 586 F.3d at 1149. In other words, "the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).

In *Crawford*, the Ninth Circuit recognized that *Gisbrecht* did not provide a "definitive list of factors that should be considered in determining whether a fee is reasonable or how those factors

should be weighed." *Crawford*, 586 F.3d at 1151. As a result, *Crawford* set forth factors that district courts should consider in determining the reasonableness of the fee, including: (1) the character of the representation (whether there was substandard performance), (2) the results achieved, (3) any delay attributable to the attorney requesting the fee, (4) whether the benefits of the representation were out of proportion with the time spent on the case, and (5) the risk assumed by counsel in accepting the case. *See id.* at 1151-52. "'[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement,' but 'not as a basis for satellite litigation,' the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases." *Id.* at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The attorney bears the burden of establishing that the fee sought is reasonable. *Id.* (citing *Gisbrecht*, 535 U.S. at 807).

Here, the terms of the contingency agreement between Plaintiff and his attorneys is within the statutory limits of § 406(b). The agreement provides for the law firm to receive twenty-five percent of past due benefits if Plaintiff is successful. (ECF No. 27-3 at 2.) The Social Security Administration indicated that $14,833.50 were withheld from Plaintiff's past due benefits for payment of legal fees. (ECF No. 27-3 at 8.) They attorneys seek to recover twenty-five percent of the past due benefits awarded to Plaintiff, in accordance with the agreement.

The court also finds that the requested fees are reasonable. There is no indication the attorneys were ineffective or dilatory, and they achieved a favorable result for Plaintiff. The amount requested is not out of proportion with the work performed, and the fees are not so large in comparison to the amount of time counsel spent that a reduction in fees is justified. 39.2 hours were spent on this case, and with a request for $14,833.50, this makes the effective hourly rate $385.21. This is not unreasonable. *See Crawford*, 586 F.3d at 1145 (approving requests for fees with an effective hourly rate of $659, $813, and $875); *see also Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003) (citing cases approving awards with hourly rates ranging up to $694.44 and noting that "[s]ince *Gisbrecht* ... district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non-contingency-fee arrangements" because "courts recognize that

basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss.").

Finally, attorneys representing Social Security claimants assume a significant risk in accepting these cases "including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." *Crawford*, 586 F.3d at 1152.

Therefore, after applying the factors discussed above, the court finds that counsel has demonstrated a twenty-five percent fee is reasonable for this case, and the motion for $14,833.50 in fees under 42 U.S.C. § 406(b) should be granted.

## C. Offset

When the court "awards attorney fees under § 2412(d) [of the EAJA] for the representation of a Social Security claimant on an action for past-due benefits, and also awards attorney fees under § 406(b)(1) for representation of the same claimant in connection with the same claim" the court must offset the EAJA award against the § 406(b) award. *Parrish v. Commissioner of Social Security Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012).

The requested fees in the amount of $14,833.50 under § 406(b) must be reduced by the $7,876.26 in EAJA fees recommended by the court. Therefore, the court should authorize a net fee award of $6,957.24 under § 406(b).

## III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order as follows:

(1) The motion for fees under the EAJA (ECF No. 24) should be **GRANTED** and fees and costs should be awarded in the amount of $7,876.26;

(2) Plaintiff's motion for fees under § 406(b) (ECF No. 27) should be **GRANTED** and fees should be awarded in the amount of $14,833.50; however, the court should offset the EAJA award of $7,876.26 against the § 406(b) award of $14,833.50, for a net fee of $6,957.24 under § 406(b).

///

///

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: April 27, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE